**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STATE AUTO PROPERTY AND<br>CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. CIV-06-151-M<br>) |
| J. L. WALKER CONSTRUCTION, INC.<br>and ALLIED GLASS, INC., | )<br>)<br>) |
| Defendants. | ) |

**ORDER**

Before the Court is defendant J. L. Walker Construction, Inc.'s ("Walker") Motion to Dismiss, or in the Alternative, Motion to Stay Declaratory Judgment Action, filed March 16, 2006. On March 30, 2006, defendant Allied Glass, Inc. ("Allied") filed its response, and on April 10, 2006, plaintiff filed its response. On April 28, 2006, Walker filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Background

On April 3, 2002, Walker and Allied entered into a written subcontract under the terms of which Allied agreed to perform certain work on the 2001 Integris Women's Center Remodel Project. Plaintiff State Auto Property and Casualty Insurance Company ("State Auto") issued Allied its Commercial General Liability Policy No. PDP2 043 326. On or about March 28, 2003, State Auto designated Walker as an "additional insured" under this policy.

In October, 2003, window leaks were discovered at the project. The leaks caused property damage and mold contamination. Walker and Allied performed remedial work to correct the damage. On January 14, 2004, Walker submitted a claim to State Auto for its remedial costs. On July 30, 2004 and September 8, 2004, additional water intrusion and mold contamination were

discovered. On October 14, 2004, State Auto advised Walker that it was not "accepting liability" for the claim. Thereafter, Walker and Allied completed additional remedial work at the project. On April 1, 2005, Walker submitted a final claim to State Auto, and State Auto denied the claim by letter dated April 20, 2005.

On May 25, 2005, Walker filed suit against State Auto and Allied in the District Court of Oklahoma County. Walker asserted claims for negligence, breach of contract, breach of warranty, indemnity, contribution, and sought declaratory relief against Allied and asserted claims for breach of contract and estoppel against State Auto.

On February 15, 2006, State Auto filed the instant action for declaratory judgment to determine its obligations under the policy. Walker now moves to dismiss this action or, in the alternative, to stay the present action pending resolution of the state court action.

II.     Discussion

A district court has "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942).

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart*, 316 U.S. at 495. Thus, a district court:

> should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding

> pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

*Id.*

In light of the above, it is undisputed that this Court should consider the following five factors in determining whether to exercise its discretion with respect to the instant declaratory judgment action:

    1.    whether the state and federal suits present the same issues;

    2.    whether the state court is better able to settle the controversy, including the existence of novel state issues;

    3.    the adequacy and reach of the state court proceeding;

    4.    the obligation to discourage duplicative and piecemeal litigation; and

    5.    how far each proceeding has advanced.

Having carefully considered each of the above factors, the Court finds that this declaratory judgment action should be dismissed. Specifically, the Court finds that the issue presented in the declaratory judgment action is also presented in the state court action. In the state court action, Walker has asserted a breach of contract claim against State Auto for benefits due under the insurance policy; in the declaratory judgment action, State Auto seeks a determination of its obligations under the insurance policy.

Further, while there are no novel state issues involved in this action, the Court finds that the state court proceeding is certainly adequate to address the issues raised in this action. The same parties are involved in both the state court action and the instant action, and all necessary parties are

already parties to the state court action. Additionally, as of the date of this Order, the state court action has been proceeding for almost two years; whereas, in the case at bar, only the Complaint, Allied's Answer, and the briefing on the motion to dismiss have been filed. Finally, the Court finds that allowing both cases to proceed at the same time will encourage duplicative and piecemeal litigation.

III.   Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Walker's Motion to Dismiss [docket no. 12] and DISMISSES the instant action.

**IT IS SO ORDERED this 19th day of March, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE